IN THE SUPREME COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| EDWARD MUJICA, | § | |
| | § | |
| Defendant Below, | § | No. 338, 2021 |
| Appellant, | § | |
| | § | Court Below—Superior Court |
| v. | § | of the State of Delaware |
| | § | |
| STATE OF DELAWARE, | § | Cr. ID No. 1812004090 (N) |
| | § | |
| Appellee. | § | |

Submitted: February 21, 2022
Decided: April 21, 2022

Before **VAUGHN**, **TRAYNOR**, and **MONTGOMERY-REEVES**, Justices.

## ORDER

After consideration of the appellant's opening brief, the State's motion to affirm, and the record on appeal, it appears to the Court that:

(1)    The appellant, Edward Mujica, appeals from the Superior Court's denial of his first motion for postconviction relief.  The State has filed a motion to affirm the Superior Court's judgment on the ground that it is manifest on the face of Mujica's opening brief that the appeal is without merit.  We agree and affirm.

(2)    In October 2019, Mujica pleaded guilty to stalking, in exchange for which the State dismissed other charges for which Mujica had been indicted.  The Superior Court sentenced Mujica to three years of incarceration, suspended after two years and six months for six months of Level III probation with GPS monitoring.

Mujica did not file a direct appeal. He did file a motion for modification or reduction of sentence, which the Superior Court denied.

(3) In October 2020, Mujica filed a motion for postconviction relief. He filed an amended or supplemented motion for postconviction relief on March 29, 2021. On March 30, 2021, the Superior Court entered a modified sentence order that removed the probationary term, because the court had received notice that United States Immigration and Customs Enforcement would take custody of Mujica when he was released from prison.

(4) On May 3, 2021, the Superior Court denied the motion for postconviction relief. Mujica appealed, and this Court remanded the matter with directions to the Superior Court to reissue the order denying postconviction relief so that Mujica could file a timely appeal.[1] The Superior Court reissued the order denying postconviction relief, and Mujica has appealed to this Court.

(5) Mujica was released from Delaware custody on or about April 2, 2021. "Once a defendant is not in custody or subject to future custody for an underlying conviction, the defendant loses standing to seek postconviction relief under Rule 61."[2] Thus, Mujica lacks standing to seek postconviction relief. Even if Mujica still

---

[1] *Mujica v. State*, 2021 WL 4272903 (Del. Sept. 20, 2021).
[2] *Crisco v. State*, 2015 WL 257867 (Del. Jan. 20, 2015). *See also* DEL. SUPER. CT. R. 61(a)(1) ("This rule governs the procedure on an application by a person in custody under a sentence of this court seeking to set aside the judgment of conviction . . . .").

had standing to pursue postconviction relief, we would affirm the Superior Court's denial of postconviction relief for the reasons stated in the Superior Court's order dated October 1, 2021.

NOW, THEREFORE, IT IS ORDERED that the motion to affirm is GRANTED and the judgment of the Superior Court is AFFIRMED.

BY THE COURT:

*/s/ Gary F. Traynor*
Justice